Affirmed and Opinion filed January 3, 2006









Affirmed and Opinion filed January 3, 2006.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-04-00354-CV

_______________

 

LIANA S. SMITH, Appellant

 

V.

 

LANDRY'S CRAB SHACK, INC. d/b/a
JOE'S CRAB SHACK, Appellee

                                                                                                                                               


On Appeal from 215th District Court

Harris County, Texas

Trial Court Cause No. 03‑29076

                  
                                                                                                                             

 

O P I N I O N

 

Liana
Smith (ASmith@) appeals a take-nothing summary
judgment entered in favor of Landry=s Crab Shack, Inc. d/b/a Joe=s Crab Shack (ALandry=s@) on the grounds that: (1) there is
legally sufficient evidence that Smith suffered food poisoning from food she
ate at a Landry=s restaurant (the Arestaurant@); and (2) her expert=s testimony should not have been
stricken.  We affirm.      








Smith=s suit against Landry=s alleged causes of action for strict
liability, breach of warranties, deceptive trade practices, and
negligence.  Landry=s filed a motion to strike Smith=s expert causation evidence for lack
of reliability and a motion for summary judgment, asserting that there was no
cause in fact evidence that the food Smith ate at the restaurant caused her
illness.  The trial court granted both.

A
no‑evidence motion for summary judgment must be granted if: (1) the
moving party asserts that there is no evidence of one or more specified
elements of a claim or defense on which the adverse party would have the burden
of proof at trial; and (2) the respondent produces no summary judgment evidence
raising a genuine issue of material fact on those elements.  See Tex.
R. Civ. P. 166a(i).  In reviewing
a no‑evidence motion for summary judgment, we view all of the summary
judgment evidence in the light most favorable to the nonmovant, indulging every
reasonable inference and resolving any doubts against the motion.  City of Keller v. Wilson, 168 S.W.3d
802, 823-25 (Tex. 2005).

As
applied to this case, the test for cause in fact is whether the illness would
not have occurred if Smith had not eaten at the restaurant.  See Marathon Corp. v. Pitzner, 106
S.W.3d 724, 727 (Tex. 2003).  A finding
of cause in fact may be based on circumstantial evidence, but cannot be
supported by mere conjecture, guess, or speculation.  Id. 
Similarly, a fact may not be inferred from circumstantial evidence that
could support multiple inferences if none are more probable than the
others.  Lozano v. Lozano, 52
S.W.3d 141, 148 (Tex. 2001).  In
addition, an inference drawn only from other inferences (rather than direct
evidence) is not legally sufficient evidence. 
Marathon Corp., 106 S.W.3d at 728.

To
constitute evidence of medical causation, an expert opinion must rest on
reasonable medical probability.  Burroughs
Wellcome Co. v. Crye, 907 S.W.2d 497, 500 (Tex. 1995).  Reasonable probability is determined by the
substance and context of an expert opinion, rather than the use of any
particular words.  Id.  Thus, where the substance of an expert=s testimony establishes only a mere
possibility, rather than a reasonable probability, of causation, it is no
evidence of causation.  See Schaefer
v. Tex. Employers= Ins. Ass=n, 612 S.W.2d 199, 204-05 (Tex. 1980).








Smith=s first issue contends that a fact
issue was raised on cause in fact by the testimony of her medical expert
witness, Dr. Al-Assi, that  Smith had
food poisoning and, based on the incubation period, it was caused by the
meal.  We do not agree.

Smith
provided testimony that: (1) the food she ate at the restaurant was the only
food she had consumed within the 20 hours preceding the onset of her illness;
and (2) the meal she had eaten prior to the one at the restaurant had also been
eaten by her entire family without incident. 
Her medical expert witness, Dr. Al-Assi,[1]
testified that: (1) none of the circumstances of Smith=s illness or treatment was
inconsistent with a diagnosis of gastroenteritis; (2) gastroenteritis can be
caused by bacteria in food; (3) many foods can be a carrier for such bacteria;
(4) different bacteria have different incubation periods before a person begins
to experience symptoms; (5) starting to experience symptoms within five hours
of a meal and getting sick enough to be admitted to a hospital within about ten
hours of a meal would, in reasonable medical probability, be Aconsistent with@ food-borne gastroenteritis; (6) the Amost common@ time period in which symptoms of
food-borne gastroenteritis Anormally@ manifest is within the first 24 hours and it can be as fast
as a couple of hours; and (7) although it was possible that Smith had
gastroenteritis from some other source than food poisoning, it was Amore likely@ that she had food poisoning considering
Athe clinical history and the set up.@








However,
Al-Assi did not express any ultimate opinion (in reasonable medical probability
or otherwise) that Smith=s gastroenteritis was caused by food she ate at the
restaurant.  Moreover, because his
opinion that Smith=s gastroenteritis was caused by food rather than another
source was not stated as being in reasonable medical probability, but only as
being more likely, and because he provided no factual basis or explanation for
why the clinical history and set up showed this to be the case, this opinion
was not sufficient to raise a fact issue.[2]  Therefore, Smith provided evidence only that
she had gastroenteritis that could have been caused by food and that the only
food she had eaten before experiencing those symptoms and within the period in
which food poisoning symptoms most commonly occur was the meal she ate at the
restaurant.  Without inferring: (1) that
Smith=s gastroenteritis was caused by food;
and either that (2) it occurred within the maximum (versus most common)
incubation period for food-borne gastroenteritis; or (3) it was a type of
food-borne gastroenteritis that occurs within the most common incubation
period, none of which are supported by evidence in this case, it does not
logically follow that her illness was caused by food she ate at the
restaurant.  Under these circumstances,
the evidence does not raise a fact issue whether Smith=s illness was, in reasonable medical
probability, caused by food she ate at the restaurant.  Therefore, Smith=s issues[3]
are overruled, and the judgment of the trial court is affirmed.

 

 

/s/        Richard H. Edelman

Justice

 

 

Judgment rendered
and Opinion filed January 3, 2006.

Panel consists of Justices Edelman, Seymore, and
Guzman (Seymore, J. concurring in result only.)











[1]           All of
Al-Assi=s testimony that Smith attached to her summary
judgment response, including that referred to in this opinion, was stricken by
the trial court.





[2]           See,
e.g., Wadewitz v. Montgomery, 951 S.W.2d 464, 466 (Tex. 1997) (AConclusory statements by an expert are insufficient to
support or defeat summary judgment.@).  There was also no evidence that any bacteria
was actually found in Smith=s system that could have caused food poisoning, let
alone any evidence of its source.





[3]           Because
the testimony of Smith=s expert witness did not raise a fact issue on cause
in fact, we need not address its admissibility.